UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC. ) | |
| ) | Civil Action No. 06-10980 DPW |
| Plaintiff, ) | |
| ) | JURY TRIAL REQUESTED |
| v. ) | |
| ) | |
| KEYHOLE, INC., and ) | |
| GOOGLE INC. ) | |
| ) | |
| Defendants. ) | |
| ) | |

### DEFENDANTS KEYHOLE, INC.'S AND GOOGLE INC.'S
### ANSWER AND COUNTERCLAIMS TO THE COMPLAINT

Defendants Keyhole, Inc. ("Keyhole"), sued herein as "Keyhole Corporation," and Google Inc. ("Google") (collectively "Defendants") hereby answer the Complaint of Plaintiff Skyline Software Systems, Inc. ("Skyline") and also counterclaim as follows. The numbered paragraphs immediately below correspond to the numbered paragraphs of the Complaint.

### JURISDICTION

1.      The allegations in Paragraph 1 of the Complaint state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Defendants admit that Skyline purports to state a cause action under the federal patent statutes. Defendants admit that this Court has jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a) for civil actions arising under the patent laws of the United States. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of these allegations, and therefore deny these allegations.

### VENUE

2.      The allegations in Paragraph 2 of the Complaint state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate, Defendants

admit that venue is proper under 28 U.S.C. § 1400(b).  As to the remaining allegations, except as expressly admitted or averred, Defendants deny these allegations.

## THE PARTIES

3.	Based on Skyline's sworn declarations and other evidence, defendants admit that Skyline is a Delaware corporation headquartered in Chantilly, Virginia.  Except as expressly admitted, the allegations of Paragraph 3 are denied for lack of sufficient information to form a belief as to the truth of such allegations.

4.	Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 4, and therefore deny these allegations.

5.	Defendants admit that Google is a Delaware corporation with its principal place of business in Mountain View, California.

6.	Defendants aver that Google is a technology leader focused on improving the ways people connect with information, through innovations in web search and advertising. Defendants aver that Google maintains a vast online index of websites and other content, and makes this information freely available to anyone with an Internet connection.  Defendants aver that Google's automated search technology helps people obtain nearly instant access to relevant information from its online index.  Except as expressly averred, Defendants deny the allegations in Paragraph 6.

7.	Defendants admit that on or before October 27, 2004, Google acquired Keyhole as a corporate subsidiary.  Defendants admit that Keyhole was a Delaware corporation with its principal place of business in Mountain View, California.  Defendants admit that Keyhole was in the business of selling and offering for sale software that provides 3D earth visualization using geographic/geospatial information and earth imagery data.  Except as expressly admitted, Defendants deny the allegations in Paragraph 7.

8.	The allegations in Paragraph 8 of the Complaint state legal conclusions that require no answer; however, to the extent that an answer is deemed appropriate Defendants deny each and every allegation.

9. Defendants admit that Skyline filed a pleading entitled, "Complaint for Patent Infringement and Demand for a Jury Trial" against Keyhole in the U.S. District Court for the District of Massachusetts on or about May 28, 2004 (Civil Action No. 04-CV-11129-DPW). Defendants admit that Skyline thereafter filed an Amended Complaint. Defendants aver that Skyline waived any right to proceed on claims other than claims 1 and 12 of the '189 Patent in that action, having failed, inter alia, to assert or otherwise place in dispute claims other than claims 1 and 12. Except as expressly admitted or averred, Defendants deny the allegations in Paragraph 9.

## COUNT I

10. Defendants admit that, on its face, U.S. Patent No. 6,496,189 ("the '189 Patent") issued on December 17, 2002. Defendants admit that what appears to be a copy of the '189 patent was attached to the Complaint. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 10, and therefore deny these allegations.

11. Defendants deny each and every allegation in paragraph 11.

12. Defendants deny each and every allegation in paragraph 12.

13. Defendants deny each and every allegation in paragraph 13.

## COUNT II

14. Defendants admit that, on its face, the '189 Patent issued on December 17, 2002. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 14, and therefore deny these allegations.

15. Defendants deny each and every allegation in paragraph 15.

16. Defendants deny each and every allegation in paragraph 16.

17. Defendants deny each and every allegation in paragraph 17.

///

///

## COUNT III

18.   Defendants admit that, on its face, the '189 Patent issued on December 17, 2002. In all other respects, Defendants lack sufficient knowledge to form a belief as to the truth of the allegations of Paragraph 18, and therefore deny these allegations.

19.   Defendants deny each and every allegation in paragraph 19.

20.   Defendants deny each and every allegation in paragraph 20.

21.   Defendants deny each and every allegation in paragraph 21.

22.   Defendants deny that Skyline is entitled to the relief requested in Paragraph A of the Complaint.

23.   Defendants deny that Skyline is entitled to the relief requested in Paragraph B of the Complaint.

24.   Defendants deny that Skyline is entitled to the relief requested in Paragraph C of the Complaint.

25.   Defendants deny that Skyline is entitled to the relief requested in Paragraph D of the Complaint.

26.   Defendants deny that Skyline is entitled to the relief requested in Paragraph E of the Complaint.

27.   Defendants deny that Skyline is entitled to the relief requested in Paragraph F of the Complaint.

## AFFIRMATIVE DEFENSES

### *First Affirmative Defense-Unenforceability, Laches, Waiver & Estoppel*

28.   Skyline's claims are unenforceable and/or barred by the doctrines of laches, waiver, and/or estoppel.

### *Second Affirmative Defense-Noninfringement*

29.   Defendants have not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringed any valid claim of the '189 Patent.

### *Third Affirmative Defense Invalidity*

30.     The claims of the '189 Patent are invalid for failing to meet one or more of the conditions for patentability in title 35 U.S.C., including sections 102, 103 and 112.  In particular, for example, the '189 Patent is invalid as anticipated or obvious at least based on prior art including, but not limited to:  the TerraVision system developed by SRI International, and reduced to practice by no later than, and publicly demonstrated at least as early as, August 1995 ; "TerraVision: A Terrain Visualization System," by Leclerc, Y. and Lau, S., published by SRI International of Menlo Park, California on or before December 1995; the "MAGIC Final Report," by Leclerc, Y., published by SRI International of Menlo Park, California on or before August 8, 1997; "The MAGIC Project: From Vision to Reality," by Fuller, B. and Richer, I. (in IEEE Network, pages 15-25, May/June 1996); U.S. Patent Number 5,760,783 to Migdal, et al. (filed Nov. 6, 1995 and issued Jun. 2, 1998), or its counterpart International Application PCT/US96/17673 (filed Nov. 6, 1995 and published May 15, 1997), in combination with the article, "Global Terrain Texture: Lowering the Cost," by Michael A. Cosman (in Eric G. Monroe, editor, Proceedings of 1994 IMAGE VII Conference, pages 53-64, The IMAGE Society, 1994); U.S. Patent Number 6,100,897 to Mayer (filed Dec. 17, 1996 and issued Aug. 8, 2000); the German application counterpart to U.S. Patent Number 6,100,897, DE 195 49 306 A1 (filed on December 22, 1995, and was published on July 3, 1997); and the T_Vision system developed by ART+COM and reduced to practice by no later than, and publicly demonstrated at least as early as, August 1995.

### *Fourth Affirmative Defense-Patent Misuse*

31.     Defendants are informed and believe a reasonable opportunity for further investigation or discovery is likely to produce evidence supporting, and Defendants thereon aver, that the relief sought by Skyline is barred under the doctrine of patent misuse.

### *Fifth Affirmative Defense-Failure to State a Claim*

32.     Skyline's Complaint and each and every claim set forth therein fail to state a claim upon which relief can be granted.

### *Sixth Affirmative Defense-Unconstitutionality*

33. To the extent that Skyline seeks an award of enhanced damages pursuant to its allegations of willful infringement or otherwise, such damages are barred and/or prohibited by the United States Constitution.

### *Seventh Affirmative Defense-Reservation of Rights*

34. Skyline has failed to set forth the allegations of the Complaint with sufficient particularity to provide Defendants with a sufficient basis to form a belief as to whether they may have additional, as yet unstated defenses. Defendants reserve the right to assert additional defenses in the event that discovery or investigation reveals that they would be appropriate.

## COUNTERCLAIMS

## PARTIES, JURISDICTION & VENUE

1. Keyhole, Inc. was a Delaware corporation with its principal place of business in Mountain View, California before being acquired by Google as a corporate subsidiary in October 2004..

2. Google Inc. is a corporation organized and existing under the laws of Delaware, and has its principal place of business in Mountain View, California.

3. As alleged in its Complaint, Skyline is a corporation organized and existing under the laws of Delaware and has its principal place of business at 14155 Newbrook Drive, Chantilly, Virginia.

4. Defendants counterclaim against Skyline pursuant to the patent laws of the United States, Title 35 of the United States Code, with a specific remedy sought based upon the laws authorizing actions for declaratory judgment in the United States courts, 28 U.S.C. §§ 2201 and 2202, and Fed. R. Civ. P. 13. An actual controversy exists because Skyline contends, and Defendants deny, infringement of the '189 Patent.

5. This Court has jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a), and 2202.

6. Skyline is subject to personal jurisdiction in this judicial district because as alleged in its Complaint, its corporate headquarters are within this District at 500 West Cummings Park, Woburn, Massachusetts.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b).

8. Skyline has accused Defendants of directly infringing, contributorily infringing, and inducing infringement of the '189 Patent. Defendants deny such allegations.

9. Skyline claims to be the sole owner of the '189 Patent.

## FIRST COUNTERCLAIM – INVALIDITY

10. Defendants repeat here and incorporate by reference the allegations contained in Paragraphs 1-9 of this Counterclaim.

11. The claims of the '189 Patent are invalid for failing to meet one or more of the conditions for patentability in Title 35 U.S.C., including sections 102, 103 and 112. In particular, for example, the '189 Patent is invalid as anticipated or obvious at least based on prior art including, but not limited to: the TerraVision system developed by SRI International and reduced to practice by no later than, and publicly demonstrated at least as early as, August 1995; "TerraVision: A Terrain Visualization System," by Leclerc, Y. and Lau, S., published by SRI International of Menlo Park, California on or before December 1995; the "MAGIC Final Report," by Leclerc, Y., published by SRI International of Menlo Park, California on or before August 8, 1997; "The MAGIC Project: From Vision to Reality," by Fuller, B. and Richer, I. (in IEEE Network, pages 15-25, May/June 1996); U.S. Patent Number 5,760,783 to Migdal, et al. (filed Nov. 6, 1995 and issued Jun. 2, 1998), or its counterpart International Application PCT/US96/17673 (filed Nov. 6, 1995 and published May 15, 1997), in combination with the article, "Global Terrain Texture: Lowering the Cost," by Michael A. Cosman (in Eric G. Monroe, editor, Proceedings of 1994 IMAGE VII Conference, pages 53-64, The IMAGE Society, 1994); U.S. Patent Number 6,100,897 to Mayer (filed Dec. 17, 1996 and issued Aug. 8, 2000); the German application counterpart to U.S. Patent Number 6,100,897, DE 195 49 306 A1 (filed on December 22, 1995, and was published on July 3, 1997); and the T_Vision system

developed by ART+COM and reduced to practice by no later than, and publicly demonstrated at least as early as, August 1995.

12.     An actual and justiciable controversy exists between the parties as to the validity of the '189 Patent, as evidenced by Skyline's Complaint charging Defendants with infringement, and Defendants' defenses of noninfringement and invalidity.

13.     It is necessary and appropriate that the controversy between the parties over the invalidity of the '189 Patent be resolved in a single proceeding with binding effect on all parties.

14.     Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Defendants are entitled to a judgment holding that the '189 Patent is invalid, and awarding Defendants the damages they have suffered from Skyline's unlawful assertion of the '189 patent.

## SECOND COUNTERCLAIM – NONINFRINGEMENT

15.     Defendants repeat here and incorporate by reference the allegations contained in Paragraphs 1-14 of this Counterclaim.

16.     Defendants do not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringe any claim of the '189 Patent.

17.     An actual and justiciable controversy exists between the parties as to the non-infringement of the '189 Patent, as evidenced by Skyline's Complaint charging Defendants with infringement and Defendants' defenses of noninfringement and invalidity.

18.     It is necessary and appropriate that the controversy between the parties over the noninfringement of the '189 Patent be resolved in a single proceeding with binding effect on all parties.

19.     Under Federal Rule of Civil Procedure 57 and 28 U.S.C. § 2201, Defendants are entitled to a judgment holding that they do not directly or indirectly, literally or under the doctrine of equivalents, as a contributor or by inducement, infringe the '189 Patent, and awarding Defendants the damages they have suffered from Skyline's unlawful assertion of the '189 patent.

**WHEREFORE**, Defendants demand a trial by jury, and pray that the Court enter judgment for Defendants and against Skyline as follows:

(a) dismissing the Complaint with prejudice, and denying the relief requested by Skyline and any relief whatsoever;

(b) declaring that Defendants have not directly or indirectly, literally, or by the doctrine of equivalents, infringed, or contributed to or induced infringement of, the '189 Patent;

(c) declaring that the '189 Patent is invalid;

(d) awarding to Defendants their reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

(e) awarding to Defendants their costs and expenses; and

(e) awarding Defendants such other relief as the Court deems just and reasonable.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

## **DEMAND FOR JURY TRIAL**

Defendants respectfully request a trial by jury of all issues properly triable by jury in this action.

Dated: July 27, 2006

By its Attorneys,

FENWICK & WEST LLP

    /s/ Darryl M. Woo
Darryl M. Woo, admitted *pro hac vice*
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Phone: (415) 875-2300
Fax:    (415) 281-1350

Nelson G. Apjohn (BBO No. 020373)
NUTTER McCLENNEN & FISH LLP
World TradeCenter West
155 Seaport Boulevard
Boston, MA 02210
Phone: (617) 439-2000
Fax:    (617) 310-9000

*Of Counsel admitted Pro Hac Vice:*
Darryl M. Woo
Michael J. Sacksteder
Heather Mewes
Carolyn Chang
Saundra L.M. Riley
FENWICK & WEST LLP
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
(415) 875-2300

Attorneys for Defendants and Counterclaimants
Keyhole, Inc. and Google Inc.

## Certificate of Service

I hereby certify that, on July 27, 2006, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party by complying with this Court's Administrative Procedures for Electronic Case Filing.

           /s/ Darryl M. Woo
Darryl M. Woo, admitted *pro hac vice*