# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KEYHOLE, INC. and )<br>GOOGLE, INC., )<br>    Defendants. )<br>) | CIVIL ACTION NO. 06-10980 DPW |

## FIRST AMENDED COMPLAINT FOR
## PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiff Skyline Software Systems, Inc. ("Skyline") as and for its Complaint alleges against Defendants Keyhole, Inc. ("Keyhole") and Google Inc. ("Google," collectively with Keyhole, "Defendants") as follows:

### JURISDICTION

1.  This action arises under the Patent Laws of the United States, 35 U.S.C. §§1 et seq. This Court has jurisdiction pursuant to 28 U.S.C., §§1331 and §1338(a).

### VENUE

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) and (c), and 28 U.S.C. §1400(b) because Defendants' acts of patent infringement are occurring within this judicial district and defendants are subject to personal jurisdiction in this judicial district.

### THE PARTIES

3.  Skyline is a Delaware corporation. Skyline's corporate headquarters are located at 4506 Daly Drive, Suite 100, Chantilly, VA. Skyline is the owner of United

States Patent No. 6,496,189 (the '189 Patent) entitled "Remote Landscape Display and Pilot Training."

4.      Skyline is in the business of providing network based, three-dimensional (3D) visualization software products and services. Skyline's technology enables the fusion and delivery, through a number of platforms (such as laptops, wireless handheld devices and over any type of network), of complex geo-spatial information in realistic 3D form.

5.      Google is a Delaware corporation with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA.

6.      Google's principal activity is to provide advertising solutions, global internet search solutions through its internet site and intranet solutions via an enterprise search appliance. Google's automated search technology helps people obtain access to relevant information from Google's vast online index.

7.      On October 27, 2004, Google acquired Keyhole. Prior to its acquisition, Keyhole was a Delaware corporation with its principal place of business at 1100A La Avenide, Mountain View, CA. At all relevant times prior to its acquisition by Google, Keyhole has made, used, sold and offered for sale software and services which provide 3D graphics, mapping and visualization for geographic locations. Since its acquisition, Keyhole and Google have used, sold and offered for sale the same software and services previously marketed by Keyhole that provide 3D graphics, mapping and visualization for geographic locations. On information and belief, all of Keyhole's employees are now employees of Google.

8.  Defendants are engaging in acts of infringement, contributory infringement, and/or inducement of infringement of Skyline's patent. On information and belief, the products of which Skyline currently is aware that infringe the '189 Patent include, but are not limited to: Keyhole Pro, Keyhole 2 Pro, Keyhole LT, Keyhole 2 LT, Keyhole NV, Keyhole 2 NV, Earthviewer, Keyhole Enterprise Client, Keyhole 2 Enterprise Client, Keyhole EC, Keyhole 2 EC, Keyhole's Enterprise Solutions products, Keyhole 2 Fusion LT, Keyhole 2 Server, Google Earth, Google Earth Plus, Google Earth Pro, Google Earth Enterprise Solution (including Google Earth Fusion, Google Earth Server and Google Earth Enterprise Client), the Geo Coder Server and any predecessor or successor products and related software services provided by Defendants in connection with these products.

## COUNT I

**(Infringement of Claims 1-3, 5, 7-9, 11-14, 16, 18-19 and 21-24 of U.S. Patent No. 6,496,189)**

9.  On December 17, 2002, the '189 Patent was duly and legally issued to Skyline Software Systems, Ltd. for an invention relating to digital imaging devices. The '189 Patent was assigned to Plaintiff in October 2003. A copy of the Patent is attached hereto as Exhibit A.

10. On information and belief, Defendants have been and still are infringing Claims 1-3, 5, 7-9, 11-14, 16, 18-19 and 21-24 (the "Asserted Claims") of the '189 Patent by making, selling, using and/or offering for sale software systems and apparatus that practice the patented invention and will continue to do so unless enjoined by this Court.

11. On information and belief, Defendants' infringement of the Asserted Claims of the '189 Patent has been and continues to be willful, entitling Skyline to enhanced damages.

12. Skyline has been damaged by Defendants' infringement of the Asserted Claims, which will continue unless enjoined by this Court.

### COUNT II

**(Contributory Infringement of Claims 1-3, 5, 7-9, 11-14, 16, 18-19 and 21-24 of U.S. Patent No. 6,496,189)**

13. On December 17, 2002, the '189 Patent was duly and legally issued to Skyline Software Systems, Ltd. for an invention relating to digital imaging devices. The '189 Patent was assigned to Plaintiff in October 2003.

14. On information and belief, Defendants have been and still are contributing to the infringement of the Asserted Claims of the '189 Patent.

15. On information and belief, Defendants' contributory infringement of the Asserted Claims of the '189 Patent has been and continues to be willful, entitling Skyline to enhanced damages.

16. Skyline has been damaged by Defendants' contributory infringement of the Asserted Claims of the '189 Patent, which will continue unless enjoined by this Court.

## COUNT III

### (Inducement of Infringement of Claims 1-3, 5, 7-9, 11-14, 16, 18-19 and 21-24 of U.S. Patent No. 6,496,189)

17.     On December 17, 2002, the '189 Patent was duly and legally issued to Skyline Software Systems, Ltd. for an invention relating to digital imaging devices. The '189 Patent was assigned to Plaintiff in October 2003.

18.     On information and belief, Defendants have been and still are inducing the infringement of the Asserted Claims of the '189 Patent.

19.     On information and belief, Defendants' inducement of infringement of the Asserted Claims of the '189 Patent has been and continues to be willful, entitling Skyline to enhanced damages.

20.     Skyline has been damaged by Defendants' inducement of infringement, which will continue unless enjoined by this Court.

**WHEREFORE**, Skyline prays for judgment and relief as follows:

A.      A preliminary and permanent injunction against Defendants' continued infringement, contributory infringement and inducing of infringement of the '189 Patent;

B.      An award of damages in favor of Skyline and against Defendants sufficient to compensate Skyline for Defendants' infringement, contributory infringement and inducement of infringement of the '189 Patent, and an assessment of prejudgment interest and post-judgment interest;

C.      A finding by the Court that Defendants' infringement, contributory infringement and inducement of infringement of the '189 Patent is willful, and an award of enhanced damages of up to three times the amount found or assessed;

D.      A finding by the Court that this case is exceptional under 35 U.S.C. § 285;

E.      An award to Skyline of its reasonable expenses, including attorneys' fees, and costs of this action; and

F.      Such other and further relief as the Court finds just and proper.

## DEMAND FOR JURY TRIAL

Skyline hereby demands a trial by jury on all issues so triable.

SKYLINE SOFTWARE SYSTEMS, INC.,

By its attorneys,

/s/ Geri L,. Haight
H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO #638185
Mintz, Levin, Cohn, Ferris,
  Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
(617) 542-6000

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants, as identified on the Notice of Electronic File ("NEF"), and paper copies will be sent to those indicated as non-registered participants on November 9, 2006 by first-class mail.

/s/ Geri L. Haight

November 9, 2006

LIT 1593022v.1