# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., ) ) Plaintiff, ) ) v. ) ) KEYHOLE, INC. and GOOGLE INC., ) ) Defendants. ) ) | CIVIL ACTION NO. 06-CV-10980 DPW |

### PLAINTIFF SKYLINE SOFTWARE SYSTEMS, INC.'S
### MOTION FOR SUMMARY JUDGMENT ON VALIDITY

Pursuant to FED. R. CIV. P. 56(c), Plaintiff Skyline Software Systems, Inc. ("Skyline respectfully moves for summary judgment on validity of the U.S. Patent 6,496,189 ("the '189 Patent"). As explained fully in the accompanying memorandum, Defendants Keyhole, Inc. ("Keyhole") and Google Inc. (collectively, "Google") cannot demonstrate that any claim of the '189 Patent is invalid by the required clear and convincing evidence. The question of the validity of Skyline's patent, therefore, is ripe for summary judgment in Skyline's favor.

Google's invalidity arguments rest on various brochures, articles and patents describing long-abandoned source code and software applications. But, as shown conclusively in the accompanying memorandum, *none* of these references, by themselves or combined, anticipate or render obvious Skyline's pioneering invention for the streaming and visualization of three-dimensional terrain data claimed in the '189 Patent.

Specifically, Google has not -- and cannot -- demonstrate by the required clear and convincing evidence that any prior use of that software or any single article discussing it contains each and every element of the claimed invention, as required by the governing law. *PIN/NIP,*

1

*Inc. v. Platte Chem. Co.*, 3094 F.3d 1235, 1243 (Fed. Cir. 2002).  Even taken as a whole, the very references that Google espouses teach *away* from the '189 Patent.  Furthermore, Google's assertion that the prior art anticipates or renders obvious the '189 Patent depends entirely upon vague and incomplete references, none of which discloses a method for interactively streaming 3D data from a remote server -- the crux of the '189 Patent.  Similarly, Google's cobbled together obviousness argument fails because none of the references that Google would combine describes a method for interactively streaming 3D data from a remote server.

For each of these reasons, and those explained in the accompanying memorandum, Skyline hereby moves for summary judgment on the matter of the validity of the '189 Patent.

### Certification Pursuant to Local Rule 7.1(A)(2)

Pursuant to Local Rule 7.1(A)(2), on January 18, 2007, Geri L. Haight, Esq., counsel for Skyline, conferred in good faith with Saundra Riley, Esq., counsel for Google in a good faith effort to resolve or narrow the issues presented in this Motion.  The parties were unable to do so.

Respectfully submitted,

SKYLINE SOFTWARE SYSTEMS, INC.,

By its attorneys,

/s/  H. Joseph Hameline
H. Joseph Hameline, BBO #218710
Geri L. Haight, BBO #638185
Flavio Rose (*pro hac vice*)
Mintz, Levin, Cohn, Ferris,
   Glovsky and Popeo, P.C.
One Financial Center
Boston, MA  02111
Tel.:  (617) 542-6000
January 19, 2007                                        Fax:  (617) 542-2241

## Certificate of Service

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 19, 2007.

                                            /s/ H. Joseph Hameline  
                                            H. Joseph Hameline, BBO #218710  
                                            Mintz, Levin, Cohn, Ferris,  
                                              Glovsky and Popeo, P.C.  
                                            One Financial Center  
                                            Boston, MA 02111  
                                            Tel.: (617) 542-6000  
                                            Fax: (617) 542-2241

LIT 1601147v.1