# EXHIBIT 35

Dockets.Justia.com

THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>KEYHOLE, INC. and GOOGLE INC., )<br>    Defendants. )<br>) | CIVIL ACTION NO. 04-11129-DPW |

### PLAINTIFF SKYLINE SOFTWARE SYSTEMS, INC.'S
### RESPONSES TO DEFENDANTS' REQUESTS FOR ADMISSION

Plaintiff Skyline Software Systems, Inc. hereby responds to Defendants Keyhole, Inc. and Google Inc.'s Requests for Admission as follows:

Discovery is not yet complete. Therefore, Skyline reserves the right to supplement, correct and/or amend the foregoing responses as may be required as discovery proceeds.

### GENERAL OBJECTIONS

1. Skyline objects to the Requests to the extent that they are vague, overly broad, unduly burdensome, not limited in time or scope and to the extent that they seek information and/or admissions on subject matter that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2. Skyline objects to the Requests to the extent that they seek the disclosure of information protected by the attorney-client privilege and/or the attorney work-product doctrine.

3.  Skyline objects to the Requests to the extent that they seek to impose obligations other than those imposed by the Federal Rules of Civil Procedure, the Local Rules of the Court and applicable case law.

4.  Skyline objects to the Requests to the extent that they are not directed at obtaining a concession regarding facts known to Skyline and/or the parties.

5.  Skyline objects to the Requests to the extent that the requests are repetitive, overlapping and/or duplicative.

6.  Skyline objects to the Requests to the extent that they require it to draw legal conclusions, interpret legal terms, concepts and/or principles, and/or to interpret statutory law and/or case law in order to provide a response. See Fed. R. Civ. P. 36. To force Skyline to admit such improper material frustrates the purposes for which Rule 36 was drafted.

7.  Skyline objects to the Requests to the extent they seek to obtain admissions on the ultimate legal conclusions of the case, as opposed to fact and/or application of law to fact.

8.  Skyline objects to the Requests to the extent they seek to obtain admissions on the content, characterization and/or nature of documents because documents speak for themselves and requests seeking to obtain admissions on documents are improper.

9.  Skyline objects to the Requests on the basis that the terms and/or information contained therein is incomplete, inaccurate and/or not true.

10. Skyline objects to the Requests on the basis that it does not have sufficient knowledge to verify the accuracy, completeness and/or authenticity of the purported illustrations used therein.

11. Skyline objects to the Requests on the basis that Skyline's inquiry into Defendants' Requests is limited to a review and inquiry of those persons and documents that are within its knowledge or control. Skyline objects to the Requests on the basis that they will require Skyline to consult with a third party, quite possibly an expert or its counsel, in order to formulate a response. To the extent that the Requests call for expert opinion, the parties have stipulated that experts reports will be exchanged on August 11, 2006.

## SPECIFIC OBJECTIONS AND RESPONSES

### REQUEST NO. 1

Admit that the '189 Patent is not entitled to the September 29, 1997 priority date of U.S. Patent No. 6,111,583.

### RESPONSE NO. 1

Skyline objects to this Request to the extent that it requires Skyline to draw legal conclusions, interpret legal terms, concepts and/or principles, and/or to interpret statutory law and/or case law in order to provide a response. Skyline further objects to this Request to the extent it seeks to obtain admissions on the ultimate legal conclusions of the case, as opposed to fact and/or application of law to fact.

Subject to and without waiver of the foregoing objections, Skyline admits that it is not asserting the September 29, 1997 priority date.

its expert's opinion on this subject matter on August 11, 2006 pursuant to the parties' agreement.

        SKYLINE SOFTWARE SYSTEMS, INC.,

        By its attorneys,

        /s/ H. Joseph Hameline

        H. Joseph Hameline, BBO #218710
        Geri L. Haight, BBO #638185
        MINTZ, LEVIN, COHN, FERRIS,
         GLOVSKY AND POPEO, P.C.
        One Financial Center
        Boston, MA 02111
        Tel.: 617-542-6000
        Fax: 617-542-2241

Dated: July 28, 2006

## Certificate of Service

I hereby certify that on July 28, 2006, a true copy of the above Responses to Requests for Admission were served upon the following individuals by first class mail and electronic mail:

Nelson G. Apjohn
Nutter McClennen & Fish LLP
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210

Saundra Riley
Fenwick & West LLP
801 California Street
Mountain View, CA 94041

_____
Geri L. Haight  BBO # 638185

LIT 1578328v.2