# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., <br><br> Plaintiff, <br><br> v. <br><br> KEYHOLE, INC., and <br> GOOGLE INC. <br><br> Defendants. | CIVIL ACTION NO. 06-10980 DPW |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OF INFRINGEMENT

### [PUBLIC REDACTED VERSION]

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
(617) 439-2000
Fax: (617) 310-9000

Attorneys for Defendants and
Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Michael J. Sacksteder, admitted *pro hac vice*
Heather N. Mewes, admitted *pro hac vice*
Carolyn Chang, admitted *pro hac vice*
Saundra L.M. Riley, admitted *pro hac vice*
**FENWICK & WEST LLP**
Embarcadero Center West
275 Battery Street
San Francisco, CA 94111
Tel. (415) 875-2300
Fax (415) 281-1350
email: dwoo@fenwick.com

# TABLE OF CONTENTS

**Page(s)**

I.  INTRODUCTION .................................................................................................. 1

II.  LEGAL STANDARD ........................................................................................... 3

III.  ARGUMENT ........................................................................................................ 4

    A.  Skyline Has Not and Cannot Show that Each and Every Limitation of Claims 1 and 12 Is Met by the Accused Google Earth Products ........................... 4

        1.  Google Earth Does Not Perform the Step of "receiving from the renderer one or more coordinates in the terrain along with indication of a respective resolution level" ............................................... 4

            a.  "receiving from the renderer" ..................................................... 4

            b.  "renderer" .................................................................................... 6

                (1)  Skyline Applies an Incorrect Interpretation of "renderer" ....................................................................... 6

                (2)  Google Earth Does Not Even Perform the First "Renderer" Function of "Determining and Providing to Another Object the Required Coordinates in the Terrain Along with a Respective Resolution Level" ............................................................. 7

        2.  Google Earth Does Not Perform the Step of "providing the renderer with a first data block which includes data corresponding to the one or more coordinates, from a local memory" .......................... 10

        3.  Google Earth Does Not Perform the Step of "downloading ... if the provided block from the local memory is not at the indicated resolution level" .............................................................................. 11

        4.  Google Earth Does Not Have "data blocks belonging to a hierarchical structure" ................................................................... 13

        5.  Under Skyline's Interpretation, Google Earth Does Not Have "data blocks describing three-dimensional terrain" ......................... 16

    B.  There is No Evidence that Fusion or Server Infringes Claims 1 and 12 .............. 17

    C.  No Contributory or Inducing Infringement .......................................................... 17

IV.  CONCLUSION ................................................................................................... 18

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Amgen Inc. v. Hoechst Marion Roussel, Inc.*,
  314 F.3d 1313 (Fed. Cir. 2003)...................................................................... 11

*Anderson v. Liberty Lobby, Inc.*,
  477 U.S. 242 (1986)........................................................................................ 3

*Celotex Corp. v. Catrett*,
  477 U.S. 317 (1986).................................................................................... 3, 5

*DSU Med. Corp. v. JMS Co.*,
  2006 U.S. App. LEXIS 30511 (Fed. Cir. Dec. 13, 2006) ................................... 18

*Joy Techs, Inc. v. Flakt, Inc.*,
  6 F.3d 770 (Fed. Cir. 1993)............................................................................. 18

*Laitram Corp. v. Rexnord, Inc.*,
  939 F.2d 1533 (Fed. Cir. 1991)......................................................................... 3

*Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*,
  803 F.2d 684 (Fed. Cir. 1986)......................................................................... 18

*NTP, Inc. v. Research in Motion, Ltd.*,
  418 F.3d 1282 (Fed. Cir. 2005)...................................................................... 3, 8

*V-Formation, Inc. v. Benetton Group SPA*,
  401 F.3d 1307 (Fed. Cir. 2005)...................................................................... 1, 3

*W.L. Gore & Assoc., Inc. v. Garlock, Inc.*,
  842 F.2d 1275 (Fed. Cir. 1988)....................................................................... 11

*Warner-Lambert Co. v. Teva Pharms. USA, Inc.*,
  418 F.3d 1326 (Fed. Cir. 2005)......................................................................... 3

*Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*,
  19 F.3d 1418 (Fed. Cir. 1994), *cert. denied*, 513 U.S. 995 (1994)....................... 2

I.    **INTRODUCTION**

As defendants Google and Keyhole ("Google") discussed in detail in their Memorandum

of Points and Authorities in Support of their Motion for Summary Judgment of Noninfringement,

the method claimed in Skyline's '189 patent provides benefits that were determined unimportant

in the development of the accused Google Earth products.  Accordingly, Google Earth was

developed in a different way to provide different benefits from those asserted for, and claimed in,

the '189 patent – opting for expandability rather than efficiency in downloading.  The result, as

explained in Google's Motion papers, is a system that cannot infringe any asserted claim of the

'189 patent as a matter of law.

Nevertheless, Skyline now attempts to confuse the issue by filing its own motion for

summary judgment of infringement of claims 1 and 12 of the '189 patent.  Skyline's motion asks

this Court to turn a blind eye to the relevant legal requirements and to the undisputed – and

indisputable – facts of this case.  Specifically, it asks this Court to ignore its own claim

constructions and disregard the requirements of the '189 patent claim limitations.  It asks this

Court to disregard the undisputed material facts and focus instead on immaterial facts and

mischaracterizations of the evidence.  Essentially, Skyline asks this Court to ignore the law and

enter summary judgment even though Skyline cannot come forth with undisputed evidence that

*each and every* limitation of claims 1 and 12 is performed by Google Earth.  *See V-Formation,*

*Inc. v. Benetton Group SPA*, 401 F.3d 1307, 1312 (Fed. Cir. 2005) (stating that infringement

requires each and every limitation to be met by the accused product).  Plainly, Skyline's motion

is but a stratagem to cast confusion in an attempt to foil ***Google's*** concurrent motions.

Instead of setting forth the requirements of claims 1 and 12 of the '189 patent, Skyline's

motion is replete with references to Skyline's Terra products.  There is no evidence that

Skyline's products embody the '189 patented invention.  In any event, the description and

operation of Skyline's own products are immaterial to whether Google Earth practices the steps of the '189 patent. *See Zenith Laboratories, Inc. v. Bristol-Myers Squibb Co.*, 19 F.3d 1418, 1423 (Fed. Cir. 1994), *cert. denied*, 513 U.S. 995 (1994) ("[I]t is error for a court to compare in its infringement analysis the accused product or process with the patentee's commercial embodiment or other version of the product or process; the only proper comparison is with the claims of the patent."). Skyline's sole purpose in including such discussions is to try to confuse the issues and create the illusion of similarity between Google Earth and the '189 patent.

Google Earth, however, employs a very different method from that claimed in the '189 patent. To conceal the differences, Skyline disregards and distorts the Court's construction of claim limitations fundamental to the '189 patent method. For instance, the patent employs a "renderer" that requests specific data blocks by providing coordinates and a respective resolution to "something distinct from the renderer." *See* Court's Claim Construction (Chang Decl., Ex. 5 at 10). Skyline fails to address this limitation entirely. That is because Google Earth, unlike the patented method, does not request specific data by coordinates and a resolution level, and thus, the undisputed facts actually prove that Google Earth does not have "something distinct from the renderer" that receives coordinates and a resolution level. Google Undisputed Facts ¶¶ 27-28; Feiner Decl. ¶¶ 24-27.

Furthermore, the '189 patent "renderer" is a single object that performs three specific functions. Skyline does not even acknowledge two of the three functions in its motion, and then applies an incorrect interpretation of the Court's construction to eliminate the requirement that the functions be performed by a single thing. In fact, because of this requirement, Google Earth does not even possess a "renderer," as that term is used in the patent.

For these reasons, the Court should not only deny Skyline's motion, it should also grant

Google's motion for summary judgment of noninfringement.

## II.    <u>LEGAL STANDARD</u>

Skyline recites the requirements for summary judgment, but fails to acknowledge the heavy burden it bears as the plaintiff seeking summary judgment of infringement. To prevail, Skyline must show by admissible and undisputed evidence that Google Earth meets each and every limitation of an asserted claim. *V-Formation, Inc.*, 401 F.3d at 1312; *NTP, Inc. v. Research in Motion, Ltd.*, 418 F.3d 1282, 1318 (Fed. Cir. 2005) ("a patent for a method or process is not infringed unless all steps or stages of the claimed process are utilized"). "[T]he failure to meet a single limitation is sufficient to negate infringement of the claim." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).

Skyline thus "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party must address, not ignore, the factual record in the case.

In considering Skyline's motion, the Court must view the evidence in a light most favorable to Google and resolve all factual doubts in Google's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (stating that all justifiable inferences are to be drawn in the non-movant's favor); *Warner-Lambert Co. v. Teva Pharms. USA, Inc.*, 418 F.3d 1326, 1335 (Fed. Cir. 2005). When this standard is applied, it becomes clear that Skyline's motion should be denied.

## III.    ARGUMENT

### A.    Skyline Has Not and Cannot Show that Each and Every Limitation of Claims 1 and 12 Is Met by the Accused Google Earth Products

#### 1.    Google Earth Does Not Perform the Step of *"receiving from the renderer one or more coordinates in the terrain along with indication of a respective resolution level"*

By asking this Court to grant summary judgment of infringement, Skyline represents that the undisputed evidence establishes that each and every limitation of claims 1 and 12 is met by Google Earth. Skyline gets there only by ignoring the facts and the requirements of the '189 patent claims. Most obvious is Skyline's disregard of the requirements of the "receiving from the renderer one or more coordinates in the terrain along with indication of a respective resolution level" limitation. In particular, there are two requirements included in this claim step: (1) a "renderer," and (2) "receiving from the renderer" coordinates along with indication of a respective resolution level. Infringement requires Skyline to show by undisputed evidence that both limitations are met, but Skyline's motion fails to address, let alone establish, either of these limitations.

#### a.    *"receiving from the renderer"*

Skyline's motion ignores the requirement that "something distinct from the renderer" must receive coordinates along with a resolution level from the renderer. Chang Decl., Ex. 5 at 10 (construing "receiving from the renderer"). Skyline's motion addresses this requirement only once, stating that coordinates and a resolution level are received by code that ███████████ ████████████████████████████████████████████████████████████████████████ ███████████████████████████████████████ Skyline's Infringement Motion at 19 (internal citations omitted).

Skyline offers no evidence in support of this conclusion; only reference to its expert

report, which also fails to provide any factual support for its conclusions. *Id.*, *citing* Haight

Decl., Ex. 33 at 10. This is not undisputed admissible evidence that would meet the standard for

summary judgment. *Celotex Corp.*, 477 U.S. at 323. Skyline's failure to address this limitation

is sufficient grounds for denying its motion.

Skyline ignores this limitation because it knows that the facts establish just the opposite

of what it needs to prevail: that Google Earth does not have "something distinct from the

renderer" that receives coordinates and a resolution level. The undisputed evidence thus actually

compels entry of summary judgment of *non*infringement in Google's favor.

Contrary to the Court's claim construction, Skyline has the Google Earth "renderer"

providing coordinates and resolution to itself. Skyline identifies the same Google Earth software

routines as the "renderer" and the "something distinct from the renderer." ████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████████████████████

████████████████████████████████████

While Skyline admits that the '189 patent "renderer" cannot provide coordinates and a

resolution level to itself, that's what Skyline tries to argue to cover Google Earth. *Id.* ¶ 29.

Skyline resorts to misquoting Google's expert to argue that different parts of a single software

routine can constitute distinct modules or entities. *See* Skyline's Infringement Motion at 26

(stating that Skyline's expert "████████████████████████████████████

████████████████████████████"). Not so. Google's expert testified to the contrary,

stating that "████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████

Skyline cannot obtain summary judgment by simply disregarding claim requirements and contorting testimony in its favor.

### b.    *"renderer"*

Skyline also disregards much of the Court's construction of "renderer" as a "software and/or hardware object that performs at least the following functions:  (1) determining and providing to another object the required coordinates in the terrain along with a respective resolution level; (2) receiving the data blocks corresponding to the specified coordinates; and (3) using the received data blocks to display a three-dimensional image."  Chang Decl., Ex. 4 at 32; Google Undisputed Facts ¶ 22.

### (1)    Skyline Applies an Incorrect Interpretation of *"renderer"*

Skyline applies an incorrect interpretation of the Court's "renderer" construction, ignoring the requirement that the same "object" perform all three renderer functions.  Feiner SJ Decl. ¶¶ 23, 28-29; Feiner Opp. Decl. ¶ 20.  Skyline essentially concedes that the three functions of the '189 patent "renderer" are not performed by a single object, software module, or logical thing in Google Earth.  *See e.g.,* Skyline's Infringement Motion at 17, 25-26.  In an attempt to avoid the consequence of that concession, Skyline argues that there is no requirement that a single "cohesive" module or "logical entity" perform all three functions.  *Id*. at 25.

Skyline's position stands in stark contrast to the Court's claim construction.  Feiner SJ Decl. ¶ 23; Feiner Opp. Decl. ¶ 20.  The Court specifically clarified this very issue in its order, explaining that while "object" does not necessarily refer to software objects in object-oriented programming, it does refer in a more general sense to a single "thing."  *See* Chang Decl., Ex. 5 at 9 n.7.  Skyline has conceded that Google Earth does not meet the "renderer" limitation, as

explicitly construed by the Court, because there is not a single "thing" in Google Earth that performs all three functions. *See* Skyline's Infringement Motion at 17, 25-26; *see also* Google Undisputed Facts ¶¶ 24-26; Feiner SJ Decl. ¶¶ 28-29. Skyline's motion should be denied – and Google's motion granted – on this separate ground as well.

Skyline also neglects mention of two of the three functions that have to be performed by the "renderer." Its only acknowledgement of the last two functions of the "renderer" is the unsupported conclusory statement that:



Skyline's Infringement Motion at 24-25.

Skyline does not support this statement with any evidence. For this reason as well, Skyline fails to meet its burden of showing that Google Earth has a renderer that performs all three functions set forth in the Court's claim construction. Such failures at a minimum necessitate denial of Skyline's motion.

**(2)    Google Earth Does Not Even Perform the First "Renderer" Function of "Determining and Providing to Another Object the Required Coordinates in the Terrain Along with a Respective Resolution Level"**

Having ignored two of the functions of the "renderer" and having misapplied the Court's claim construction, Skyline asks the Court to find this limitation met simply by arguing that Google Earth performs the first "renderer" function of "determining and providing to another object the required coordinates in the terrain along with a respective resolution level." *See*

Skyline's Infringement Motion at 17-20.  Even if that were the case, meeting only one part of a limitation is not enough to prove infringement.  Skyline's failure to address all of the requirements of the limitation is fatal to its motion.  *NTP, Inc.*, 418 F.3d at 1318.

There is, furthermore, at least a dispute of fact as to whether Google Earth performs even this first function of "determining and providing to another object the required coordinates in the terrain along with a respective resolution level."[1]  Chang Decl., Ex. 4 at 32.  ███████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████████

████████

████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

█████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████████████████

██████████████████████████████████████████

████████████████████████

████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

----

[1] This issue is not a basis for Google's concurrent motion for summary judgment of noninfringement, and the existence of this dispute thus does not affect that motion.

███████████████████████████████████████████████████████████████

█████████████████████████████████████████ Simply pointing to arbitrary coordinates that may be used somewhere in the Google Earth software does not prove that Google Earth performs the first function of the "renderer."

Skyline likewise points to random instances of resolution in Google Earth as the "indication of a respective resolution level," without regard to the Court's construction of the term. *See* Skyline's Infringement Motion at 19. "Indication of a respective resolution level" is the "identification of the particular resolution level of the data required." Chang Decl., Ex. 4 at 26. Claims 1 and 12 and the Court's construction of "renderer" require such indication be provided by the "renderer." *Id.* at 32; '189 patent at cols. 16:32-33, 18:21-22.

██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
████████████████████████████
████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
██████████████████████████████████████████████████████████
███████████████████████████████████████████████████████



Therefore, it is not an "indication of a respective resolution level" as that term has been construed by the Court. *Id.*; *see also* Haight Decl., Ex. 42 (Feiner Depo at 110:19-111:5).

Thus, even assuming arguendo that the things Skyline separately calls out as "coordinates in the terrain" and "resolution level" meet the Court's construction, Skyline has not shown that the "renderer" provides these things "*along with*" each other to another object.

Thus, there is at least a genuine dispute of fact as to whether Google Earth performs the first function of the claimed "renderer" and no evidence in this motion that Google Earth performs the other two functions. This, and Skyline's failure to acknowledge that there must be "something distinct from the renderer," each independently compels denial of Skyline's motion.

> 2.      **Google Earth Does Not Perform the Step of "*providing the renderer with a first data block which includes data corresponding to the one or more coordinates, from a local memory*"**

The Court construed "providing the renderer" to mean "something distinct from the renderer" provides to the renderer. Chang Decl., Ex. 5 at 10. As it did with the "receiving from the renderer" limitation, Skyline completely ignores this requirement. Therefore, Skyline's motion should also be denied for failing to meet its burden with respect to this limitation as well.

In addition, the first data block must include data corresponding to the one or more coordinates in the terrain received from the renderer. As Google Earth does not perform the step of "receiving from the renderer one or more coordinates in the terrain along with indication of a

respective resolution level," it cannot provide a first data block corresponding to those coordinates. *See* Section III.A.1, above.

### 3.    Google Earth Does Not Perform the Step of *"downloading … if the provided block from the local memory is not at the indicated resolution level"*

Skyline again disregards the undisputed material facts and the requirements of the '189 patent claim limitations in arguing that Google Earth performs the step of "downloading … if the provided block from the local memory is not at the indicated resolution level." Chang Decl., Ex. 5 at 12.

Skyline first claims that mere visual analysis establishes that Google Earth performs this limitation because images sharpen from a blurry view to a higher resolution image. Skyline's Infringement Motion at 22.[2] To the contrary, there are many ways in which a software program can display blurry and then sharper images. Feiner Opp. Decl. ¶ 25. Nothing in the observation of Google Earth in operation provides any insight as to whether there is "downloading … upon some determination that the block provided from local memory is not at the indicated resolution level." *Id.* ¶ 24.

This limitation requires the claimed conditional (*i.e.*, determination that the block from local memory is not at the indicated resolution level) to be satisfied before actions predicated on it (*i.e.*, the download of data blocks from a remoter server) are taken. Chang Decl., Ex. 5 at 10.

███████████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

---

[2]  At the same time, Skyline denies that the same visual impression demonstrates anticipation by the TerraVision prior art. Skyline cannot have it both ways. *Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 314 F.3d 1313, 1330 (Fed. Cir. 2003), citing *W.L. Gore & Assoc., Inc. v. Garlock, Inc.*, 842 F.2d 1275, 1279 (Fed. Cir. 1988) ("It is axiomatic that claims are construed the same way for both invalidity and infringement.").



Thus, the undisputed facts show that Google Earth does not make the required determination and thus, does not "download ... if the provided block from local memory is not at the indicated resolution level."

_____

[3] As discussed in Section III.A.1.b.(2) above, the value calculated by *LodCull::calcLevel()* is not the "indicated resolution level." Feiner Opp. Decl. ¶ 17.

████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

██████████████████████████████

Skyline thus cannot show that Google Earth downloads additional data from a remote server "upon some determination that the block provided from local memory is not at the indicated resolution level." Its summary judgment motion should be denied on this separate ground.

**4.    Google Earth Does Not Have "*data blocks belonging to a hierarchical structure*"**

Skyline similarly ignores the Court's claim construction and the undisputed material facts in arguing that Google Earth has "data blocks belonging to a hierarchical structure." The Court's construction requires "data blocks that are organized into multiple levels of resolution, whereby *each level* contains data blocks at the *same resolution*, and *each successive level* contains data blocks of a *higher resolution than those in the preceding level*." Chang Decl., Ex. 4 at 15 (emphasis added).

█████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

████████████████

       Instead, Skyline claims that Google Earth's database is structured in the same manner as the preferred embodiment of the patent, and therefore "must" infringe.[4]  Skyline's Infringement Motion at 16.  Skyline fails to cite any evidence for this proposition.  *Id.*  In fact, the undisputed evidence establishes quite the opposite; that Google Earth's data structure differs significantly from what is disclosed in the patent.  Google Undisputed Facts ¶¶ 33-36.  Even Skyline's expert admits that in Google Earth's data structure, "███████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████

███████████████████████████████████████████

            ████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

---

[4]  Contrary to Skyline's assertions, Google does not base noninfringement on the mere fact that Google Earth has different data sets or sources that have different maximal resolutions.  *See* Skyline's Infringement Motion at 15.  It is the manner in which Google Earth organizes the data sets with different maximal resolutions that differentiates its data structure from the "data blocks belonging to a hierarchical structure" limitation of the '189 patent.  *See* Section III.A.4, *infra*.



Unable to dispute this fact, Skyline tries to dismiss it as irrelevant. But vector data is properly considered a "data block describing three-dimensional terrain," as that term was construed by the Court to mean data that "represents or *describes* a section of three-dimensional terrain at a particular resolution level and that includes any additional data overlaid on the digital image of the terrain, such as *altitude, labels or optional objects*." Chang Decl., Ex. 4 at 15 (emphasis added); Feiner Opp. Decl. ¶ 28. Skyline's reference to disclosures in the '189 patent is unavailing both because the Court has already construed this term and because there is no disclosure in the '189 patent that excludes vector data from the claimed "hierarchical structure." Feiner Opp. Decl. ¶ 29. In fact, the portion of the '189 patent relied upon by Skyline explains

> [p]referably, each sub-block 43 includes an attachment field in which additional optional data objects associated with the area covered by the sub-block are described. These objects preferably include, but are not limited to, labels, annotations, lines and 3D objects.

'189 patent at col. 8:38-47; Feiner Opp. Decl. ¶ 29.

Thus, in the '189 patent, the vector data is included in the data blocks that belong to the hierarchical structure. As vector data is incorporated in and part of the data blocks, they must also be organized in the claimed "hierarchical structure." Feiner Opp. Decl. ¶ 29. Google Earth does not do this. Chang Decl., Ex. 9 at 9; Feiner Opp. Decl. ¶ 30. Skyline's ostrich-like refusal to acknowledge the undisputed facts cannot support the grant of summary judgment of

infringement.

### 5.    Under Skyline's Interpretation, Google Earth Does Not Have "*data blocks describing three-dimensional terrain*"

In arguing that Google Earth employs "data blocks describing three-dimensional terrain,"

Skyline omits mention that it has taken inconsistent positions concerning the proper

interpretation of this limitation with respect to invalidity and infringement.  To support its

contention that claims 1 and 12 of the '189 patent are valid, Skyline argues that "terrain," and

therefore a "data block describing three-dimensional terrain," must contain *both* elevation data

and imagery data.  Specifically, Skyline's expert argued that "[d]ownloading only one of the two

types of data pursuant to this method (i.e. imagery or elevation) does not then constitute

'providing data blocks describing three dimensional terrain dataset [sic],'"  Undisputed Fact

¶ 41; *see also* Skyline's Validity Motion at 20-21.



Skyline incorrectly claims that Google's expert admits that Google Earth employs "data

blocks describing three-dimensional terrain."  Skyline's Infringement Motion at 13; *see* Feiner

SJ Decl., Ex. C at ¶¶ 52-53.  ████████████████████████

████████████████████████████████████████

████████████████████████  Again, Skyline cannot have it both

ways.  Under Skyline's interpretation, Google Earth does not have "data blocks describing three-

dimensional terrain." Skyline's motion should accordingly be denied.

### B.    There is No Evidence that Fusion or Server Infringes Claims 1 and 12

Skyline also moves for summary judgment of infringement by Google Earth Fusion and Google Earth Server. Skyline's Infringement Motion at 6. Other than conflating these two products as part of the "accused Google Earth products," Skyline makes almost no mention of them. Skyline's motion does not address the Server product at all. While Skyline acknowledges that the Fusion product processes data, it makes no claim that the '189 patent covers that process. Skyline's entire infringement analysis is based on evaluation of only the Google Earth client software. Therefore, Skyline has presented insufficient evidence to support a finding that the separate products Google Earth Fusion or Google Earth Server infringe claims 1 and 12 of the '189 patent.

Skyline tries to bury these separate products under the Google Earth rubric to escape scrutiny. But the undisputed facts establish that Google Earth Fusion and Google Earth Server do not read on the limitations of claims 1 and 12. The '189 patent claims are directed to "providing data blocks describing three-dimensional terrain to a renderer." Google Undisputed Facts ¶ 2. As Skyline acknowledges, Fusion is a software product that process raw data into databases of geographic information. Skyline's Infringement Motion at 6; Google Undisputed Facts ¶¶ 6-7. The Server product communicates with the client software application to serve data to the client computer. Google Undisputed Facts ¶ 8. Skyline makes no claims that the Server products meet the '189 patent claim limitations. Neither of these products have or can have a "renderer" or perform any other step of the '189 patent.

### C.    No Contributory or Inducing Infringement

Skyline's claims of contributory infringement and inducement of infringement also fall along with the fall of its direct infringement claims. There can be no finding of contributory or

inducement of infringement without an underlying direct infringement. *Joy Techs, Inc. v. Flakt, Inc.*, 6 F.3d 770, 774 (Fed. Cir. 1993) (stating "[l]iability for either active inducement of infringement or contributory infringement is dependent upon the existence of direct infringement"); *Met-Coil Sys. Corp. v. Korners Unlimited, Inc.*, 803 F.2d 684, 687 (Fed. Cir. 1986).

Furthermore, Skyline presents insufficient evidence to support a finding of inducement of infringement on summary judgment. Skyline ignores recent Federal Circuit law that holds, " "'knowledge of the acts alleged to constitute infringement' is not enough." *DSU Med. Corp. v. JMS Co.*, 2006 U.S. App. LEXIS 30511, *22 (Fed. Cir. Dec. 13, 2006) (internal citations omitted). "Inducement requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *Id.* at *27. Thus, Skyline bears the burden of showing not only that Google induced infringing acts, but that it "knew or should have known [its] actions would induce actual infringement." *Id.* at *21.

Skyline presents no evidence, direct or circumstantial, that Google intended its customers to infringe the '189 patent. The only evidence Skyline presents is Google's marketing and advertisement of its products. *See* Skyline's Infringement Motion at 29. Even with knowledge of the patent, selling an accused product without specific intent to cause infringement does not alone compel a finding of inducement. *DSU Med. Corp., Inc.*, 2006 U.S. App. LEXIS 30511 at *28-29 (upholding finding of no inducement of infringement where alleged inducer knew about the patent but did not believe use of its product infringed). Thus, Skyline's evidence is insufficient to support the grant of summary judgment.

## IV.    CONCLUSION

For the foregoing reasons, Google respectfully requests this Court to deny Skyline's

Motion for Summary Judgment of Infringement.

Dated:  February 2, 2007                    Respectfully submitted,

                                            By:  _____/s/Darryl M. Woo_____
                                                 Darryl M. Woo
                                                 **FENWICK & WEST LLP**
                                                 Embarcadero Center West
                                                 275 Battery Street
                                                 San Francisco, CA  94111
                                                 Tel.  (415) 875-2300
                                                 Fax  (415) 281-1350
                                                 email: dwoo@fenwick.com

                                                 Attorneys for Defendants and
                                                 Counterclaimants
                                                 KEYHOLE, INC. and GOOGLE INC.

**<u>Certificate of Service</u>**

      I hereby certify that, on February 2, 2007, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party by complying with this Court's Administrative Procedures for Electronic Case Filing.

                  By:     /s/Darryl M. Woo                   
                           Darryl M. Woo