# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| SKYLINE SOFTWARE SYSTEMS, INC., | |
| Plaintiff, | CIVIL ACTION NO. 06-10980 DPW |
| v. | |
| KEYHOLE, INC., and GOOGLE INC. | |
| Defendants. | |

## JOINT STATUS REPORT AND
## STIPULATED REQUEST FOR ENTRY OF JUDGMENT;
## PROPOSED ORDER

H. Joseph Hameline (BBO No. 218710)
**MINTZ, LEVIN, COHN, FERRIS,
GLOVSKY, AND POPEO, P.C.**
One Financial Center
Boston, MA  02111
Tel.  (617) 542-6000
Fax  (617) 542-2241

Attorneys for Plaintiff and Counterdefendant,
SKYLINE SOFTWARE SYSTEMS, INC.

Nelson G. Apjohn (BBO No. 020373)
**NUTTER McCLENNEN & FISH LLP**
World Trade Center West
155 Seaport Boulevard
Boston, MA 02210
Tel.  (617) 439-2000
Fax:  (617) 310-9000

Of Counsel
Darryl M. Woo, admitted *pro hac vice*
Michael J. Sacksteder, admitted *pro hac vice*
Heather N. Mewes, admitted *pro hac vice*
Carolyn Chang, admitted *pro hac vice*
Saundra L. M. Riley, admitted *pro hac vice*
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA  94104
Tel.  (415) 875-2300
Fax  (415) 281-1350

Attorneys for Defendants and  Counterclaimants
KEYHOLE, INC. and GOOGLE INC.

Dockets.Justia.com

## I.    **STATUS REPORT**

By its Memorandum and Order dated March 7, 2007 (the "Order"), the Court granted defendants Google Inc.'s and Keyhole, Inc.'s motion for summary judgment of noninfringement and denied plaintiff's Skyline's  motion for summary judgment on infringement.  The Court furthermore denied both parties' respective motions for summary judgment on the validity question without prejudice to rebriefing and reassertion on or before April 20, 2007.  By that same Order, the Court also directed the parties to file a joint status report outlining what further steps are necessary to reduce this case to judgment.

The net effect of the Court's Order was to fully resolve each of Skyline's Counts I, II and III on infringement, and defendants' Second Counterclaim seeking a declaratory judgment of noninfringement, leaving only unresolved defendants' First Counterclaim seeking a declaratory judgment of invalidity.

In light of the above, the parties through their counsel have conferred and have reached agreement that the remaining issue of validity or invalidity of U.S. Patent No. 6,496,189 (the "patent-in-suit") is moot in light of the Court's Order.  *See Phonometrics, Inc. v. Northern Telecom, Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998).  Because such agreement of the parties, if accepted by the Court, disposes of the remaining issues in this litigation, neither party has or will be rebriefing or reasserting their respective motions for summary judgment on validity or invalidity.  Instead, the parties agree that judgment should be entered in accordance with the parties' stipulation as set forth below, pursuant to Rule 54.  The parties reserve all rights of appeal.  The parties submit a proposed form of order below, and concurrently submit a proposed separate form of judgment as per Rule 54.

## II.    <u>STIPULATION</u>

Plaintiff Skyline Software Systems, Inc. and defendants Google Inc. and Keyhole, Inc., by and through their counsel of record, hereby stipulate and agree that in light of the Court's Memorandum and Order dated March 7, 2007, which granted summary judgment of noninfringement to both defendants, the remaining issue regarding the alleged validity or invalidity of the patent-in-suit is moot. Accordingly IT IS HEREBY STIPULATED AND AGREED that the remaining issue of validity or invalidity of the patent-in-suit, whether raised by claim, affirmative defense or counterclaim, is moot, and may be dismissed without prejudice pursuant to Rule 41 of the Federal Rules of Civil Procedure.

Because such Order and Stipulation together dispose of all issues in this action, the parties further STIPULATE AND AGREE that judgment pursuant to Rule 54 of the Federal Rules of Civil Procedure may be entered in favor of defendants Google Inc. and Keyhole, Inc. and against plaintiff Skyline Software Systems, Inc., each party to bear its own costs and attorneys' fees. The parties furthermore STIPULATE AND AGREE in the alternative that the Court, in accordance with Fed.R.Civ.P. 54(b), may find that there is no just reason for delay and expressly direct the entry of judgment in favor of defendants and against plaintiff on each of Counts I, II and III of the First Amended Complaint, and on the Second Counterclaim on

///

noninfringement, the remaining First Counterclaim on invalidity being dismissed without

prejudice as moot, each party to bear its own costs and attorney's fees.  The parties reserve all

rights of appeal.

Dated:  April 6, 2007                    Respectfully submitted,


                                        By: _____/s/ H. Joseph Hameline_____
                                             H. Joseph Hameline  BBO#218710
                                             **MINTZ, LEVIN, COHN, FERRIS,**
                                             **GLOVSKY AND POPEO, P.C.**
                                             One Financial Center
                                             Boston, MA  02111
                                             Tel.  ((617) 542-6000
                                             Fax  (617) 542-2241

                                             Attorneys for Plaintiff
                                             SKYLINE SOFTWARE SYSTEMS, INC.



Dated:  April 6, 2007                    Respectfully submitted,


                                        By: _____/s/ Darryl M. Woo_____
                                             Darryl M. Woo
                                             **FENWICK & WEST LLP**
                                             555 California Street, 12th Floor
                                             San Francisco, CA  94104
                                             Tel.  (415) 875-2300
                                             Fax  (415) 281-1350
                                             email: dwoo@fenwick.com

                                             Attorneys for Defendants and
                                             Counterclaimants
                                             KEYHOLE, INC. and GOOGLE INC.


## [PROPOSED] ORDER

The Court, having entered its Memorandum and Order dated March 7, 2007, and the

parties having stipulated and agreed as set forth above, it is hereby ORDERED AND

ADJUDGED that judgment be entered by the Clerk of this Court in favor of defendants Google

Inc. and Keyhole, Inc., and against plaintiff Skyline Software Systems, Inc. on each of Counts I,

II and III of the First Amended Complaint, and on the Second Counterclaim on noninfringement, the remaining First Counterclaim on invalidity being dismissed without prejudice as moot, each party to bear its own costs and attorneys' fees, pursuant to Rule 54 of the Federal Rules of Civil Procedure.  The parties reserve all rights of appeal.


[ALTERNATIVE] [The Court, having entered its Memorandum and Order dated March 7, 2007, and the parties having stipulated and agreed as set forth above, this Court finds that there is no just reason for delay, and in accordance with Fed.R.Civ.P. 54(b), hereby expressly directs the Clerk of this Court to enter judgment in favor of defendants Google Inc. and Keyhole, Inc., and against plaintiff Skyline Software Systems, Inc. on each of Counts I, II and III of the First Amended Complaint, and on the Second Counterclaim on noninfringement, the remaining First Counterclaim on invalidity being dismissed without prejudice as moot, each party to bear its own costs and attorneys' fees.  The parties reserve all rights of appeal.]


Dated:  April __, 2007         _____
                                                          Douglas P. Woodlock
                                                          United States District Judge

## <u>CERTIFICATE OF SERVICE</u>

      I hereby certify that, on April 6, 2007, I caused a true and accurate copy of the foregoing document to be served upon all counsel of record for each party by complying with this Court's Administrative Procedures for Electronic Case Filing.

                By: _____/s/ Darryl M. Woo_____
                     Darryl M. Woo